

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00003-CV

IN RE:  PENTEX FOUNDATION AND JOSHUA UNGER,
TRUSTEE OF GBU FRIENDS AND ASSOCIATES TRUST

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

In this original proceeding, Pentex Foundation asks this Court to issue a writ of mandamus ordering the trial court to enforce the venue provisions of a contract between Pentex and Kenneth Vern Gibbs and Candace Gibbs Walton. We deny the petition for writ of mandamus.

The underlying dispute involves a claim by Pentex against Gibbs and Walton for the alleged breach of a realty and mineral rights contract. The Honorable Laurine Blake, the district judge who presided over the matter, signed a venue transfer order at the behest of Gibbs and Walton on September 30, 2014, transferring the matter to Tarrant County. On October 3, 2014, Pentex filed its motion to reconsider the trial court's venue transfer order, and on November 12, 2014, the trial court held a hearing on the motion to reconsider. On November 21, 2014, the trial court entered an order purporting to vacate the venue transfer order of September 30, 2014.

Gibbs and Walton likewise filed a petition for writ of mandamus with this Court, claiming that the order vacating the venue transfer order is void because it was issued beyond the trial court's plenary jurisdiction. In an opinion issued today, we conditionally granted that petition, finding the order vacating the venue transfer to be void.[1] In our opinion, we determined that the 336th Judicial District Court of Fannin County no longer has jurisdiction over this case. Pentex asks that "[i]n the unlikely event the trial court did not have authority to reconsider its ruling on venue, mandamus should be granted to enforce the parties' agreed, mandatory venue provisions of the contract." Because this matter has been transferred to Tarrant County, any

---

[1]*See In re Kenneth Vern Gibbs & Candace Walton Gibbs*, cause number 06-15-00002-CV.

2

relief Pentex seeks by petition for writ of mandamus should be addressed to the Second Court of Appeals, the appellate court having jurisdiction over Tarrant County. And, while this Court does have appellate jurisdiction over Fannin County, the case in which Pentex seeks mandamus relief is no longer pending in that court.

We, therefore, deny the petition for writ of mandamus.

Bailey C. Moseley
Justice

Date Submitted:     January 29, 2015
Date Decided:     January 30, 2015